IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03421-GPG

PHILLIP S. MANDRELL,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO BOARD OF PAROLE, and
LAS ANIMAS COUNTY COMBINED COURTS,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Phillip S. Mandrell, is in the custody of the Colorado Department of

Corrections (CDOC) and is incarcerated at the correctional facility in Sterling, Colorado.

He has filed a Prisoner Complaint (ECF No. 1), pursuant to 28 U.S.C. § 1343 and 42

U.S.C. § 1983.

      Mr. Mandrell has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte*

an action at any time if the action is frivolous or seeks monetary relief against a

defendant who is immune from such relief.  A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts

that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

      The Court must construe Mr. Mandrell's Complaint liberally because he is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed.

In the Prisoner Complaint, Mr. Mandrell alleges that the CDOC is executing his sentence unlawfully.  He seeks both monetary and injunctive relief.  Specifically, Plaintiff asks the Court to enter an order requiring that six months be deducted from his current mandatory release date; that all "vested" good time credits be deducted from his mandatory parole sentence; and, that his parole sentence be corrected "to a 2 yr parole term."  (ECF No. 1, at 19).

Mr. Mandrell's § 1983 claims against the CDOC, the Colorado Board of Parole, and the Las Animas County Combined Courts are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  Each named Defendant is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (immunity of CDOC) ; *Rouse v. Colorado State Bd. of Parole*, No. 07-1036, 242 F. App'x 498, 500 (10th Cir. July 9, 2007) (unpublished) (immunity of Colorado Parole Board); *Smith v. Adams County Combined Court, Co.*, No. 13-1463, 551 F. App'x 450, (10th Cir. Jan. 22, 2014) (unpublished) (immunity of state courts).  Congress did not abrogate Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Accordingly, all of the Defendants are improper parties to this action.

Further, the Court declines to allow Mr. Mandrell to amend his Complaint to name different Defendants because his claim for damages is barred by the rule of *Heck*

2

*v. Humphrey*, 512 U.S. 477  (1994).   Under *Heck*, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643, (1997) (quoting Heck*,* 512 U.S. at 487).   Mr. Mandrell does not allege that his state court sentence has been invalidated.   Indeed, he filed a separate habeas corpus action, under 28 U.S.C. § 2241, challenging the CDOC's execution of his state sentence(s). *See* Case No. 14-cv-3064-GPG.   No ruling has been entered in the habeas action.   As such, Mr. Mandrell's § 1983 suit for damages is premature.

Further, even if Plaintiff's requests for injunctive relief are not barred by *Heck*, they are not cognizable in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Finally, to the extent Mr. Mandrell attacks the *validity* of a state court conviction or sentence, he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, after exhausting available state court remedies.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 28 U.S.C. § 2254 habeas . . . are used to collaterally attack the validity of a conviction and sentence."); 28 U.S.C. § 2254(b).   Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITHOUT

PREJUDICE.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the

purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith.  *See Coppedge v. United*

*States*, 369 U.S. 438 (1962).  If Mr. Mandrell files a notice of appeal he must also pay

the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the

United States Court of Appeals for the Tenth Circuit within thirty days in accordance

with Fed. R. App. P. 24.

DATED January 16, 2015, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court